UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

WAHEEDAH  SHAHEED

Plaintiff

v.

THE CITY OF NEW YORK

NEW YORK CITY POLICE OFFICER
STEPHAN KROSKI (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER
PAUL BLISS (In an Individual Capacity and
In an Official Capacity)

NEW YORK CITY POLICE OFFICER
JONATHAN RODRIGUEZ (In an
Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE OFFICER
LYDIA FIGUEROA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE
LIEUTENANT KISHON HICKMAN (In an
Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE OFFICER
CHRISTOPHER MITCHELL (In an
Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE OFFICER
ALEX PEREZ (In an Individual Capacity
and In an Official Capacity)
                              Defendants
(Additional Defendants continued)

**AMENDED COMPLAINT**
Civil Case No. 15 cv 3480

NEW YORK CITY POLICE CHIEF
WILLIAM MORRIS (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE
COMMISSIONER JAMES P. O'NEIL (In
an Individual Capacity and In an Official
Capacity)

NEW YORK CITY DEPUTY POLICE
CHIEF JOHN ESSIG (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY ASSISTANT CHIEF
RODNEY HARRISON (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY DEPUTY CHIEF
ANDREW CAPUL (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE INSPECTOR
ROBERT LUKACH (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DEPUTY
INSPECTOR WILSON ARAMBOLES (In
an Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE INSPECTOR
FAUSTO PICHARDO (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE CAPTAIN
TIMOTHY WILSON (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY DEPUTY INSPECTOR
MARLON LARIN (In an Individual
Capacity and In an Official Capacity)

Defendants (cont.)

NEW YORK CITY POLICE CAPTAIN
BRIAN FRANKLIN (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE INSPECTOR
ERIC PAGAN (In an Individual Capacity
and In an Official Capacity)

NEW YORK CITY POLICE
LIEUTENANT HUGH MACKENZIE (In
an Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE SERGEANT
CHARLES EWINGS (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE SERGEANT
MEDINA (In an Individual Capacity and In
an Official Capacity)

NEW YORK CITY POLICE OFFICER
EDWARD SALTMAN (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER
DANIEL TROYER (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE AWILDA
MELHADO (In an Individual Capacity and
In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
DARREN MCNAMARA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
ANTHONY SELVAGGI (In an Individual
Capacity and In an Official Capacity)

Defendants (cont.)

NEW YORK CITY POLICE DETECTIVE
ETHAN ERLICH (In an Individual Capacity
and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
HENRY MEDINA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
EDWARD BIRMINGHAM (In an
Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE DETECTIVE
CLIFFORD PARKS (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
ANTONIO RIVERA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER
JOHN DOE (fictitious (name) (In an
Individual Capacity and In an Official
Capacity)

                                    Defendants
------------------------------------------------------

1.  Now comes the Plaintiff Waheedah Shaheed, by and through her attorney, Lawrence P.

LaBrew, of the Law Office of Lawrence LaBrew, complaining against the following Defendants

and alleging the following:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the First, Fourth,

Eighth, and Fourteenth Amendments to the Constitution of the United States, the Due Process

Clause of the United States Constitution, and under the laws of the United States, particularly the

Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This action also arises under the New York State Constitution, and New York State Law for the intentional torts of Assault, Battery, Excessive Force, False Arrest, False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress, and Trespass.

4. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

5. This Court also has supplemental jurisdiction over the New York State causes of action under Title 28 of the United States Code § 1367 (28 U.S.C.A. § 1367).

6. The City of New York conducted an examination of the Plaintiff pursuant to N.Y. GEN. MUN. LAW § 50-h.

7. Venue is placed in this District because the City of New York is located in this District and the Defendants are located in New York County.

## DEMAND FOR A TRIAL BY JURY

8. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

9. Plaintiff Waheedah Shaheed is a 57 year old citizen of the United States who resides in New York City.

10. Defendant New York City Police Officer Stephen Kroski is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012.

11. Defendant New York City Police Officer Paul Bliss is being sued individually, and in an

official capacity, in relation to the events alleged in this complaint on 6 June 2012

12.  Defendant New York City Police Officer Jonathan Rodriguez is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012.

13. Defendant New York City Police Lieutenant Kishon Hickman is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012, 29 June 2012, and 30 June 2012..

14. Defendant New York City Police Officer Christopher Mitchell is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012.

15. Defendant New York City Police Officer Alex Perez is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012, 29 June 2012, and 30 June 2012.

16. Defendant New York City Police Chief William Morris is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

17. Defendant New York City Police Commissioner James P. O'Neil is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

18. Defendant New York City Police John Essig is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

19. Defendant New York City Police Assistant Chief Rodney Harrison is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

20. Defendant New York City Police Deputy Chief Andrew Capul is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

21. Defendant New York City Police Inspector Robert Lukach is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

22. Defendant New York City Police Deputy Inspector Wilson Aramboles is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

23. Defendant New York City Police Inspector Fausto Pichardo is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

24. Defendant New York City Police Captain Timothy Wilson is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

25. Defendant New York City Police Deputy Inspector Marlon Larin is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

26. Defendant New York City Police Captain Brian Franklin is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

27. Defendant New York City Police Inspector Eric Pagan is being sued individually, and in an

official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

28. Defendant New York City Police Lieutenant Hugh MacKenzie is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

29. Defendant New York City Police Officer Charles Ewing is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

30. Defendant New York City Police Sergeant Medina is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

31. Defendant New York City Police Officer Alex Perez is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012, 29 June 2012, and 30 June 2012.

32. Defendant New York City Police Officer Daniel  Troyer is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

33. Defendant New York City Police Officer Awila Melhado is being sued individually,  and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

34. Defendant New York City Police Detective Darren McNamara is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012,

and 30 June 2012.

35. Defendant New York City Police Detective Anthony Selvaggi is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

36. Defendant New York City Police Detective Ethan Erlich is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

37. Defendant New York City Police Detective Henry Medina is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

38. Defendant New York City Police Detective Edward Birmingham is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

39. Defendant New York City Police Detective Clifford Parks is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

40. Defendant New York City Police Detective Antonio Rivera is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

41. Defendant New York City Police Officer John Doe (fictitious name)  is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012, 29 June 2012, and 30 June 2012.

42. The true names and identities of the "DOE" defendants are presently unknown to Plaintiff. Plaintiff uses the fictitious name "DOE" to designate these Defendants. Plaintiffs allege that the "DOE" Defendants, along with the other Defendants, are legally responsible for the incidents, injuries, and damages set forth herein, and that each of the Defendants proximately caused the incident, injuries, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious, or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiff will seek to amend this Complaint as soon as the true names and identities of each of the "DOE" defendants has been ascertained.

43. Each of the Defendants, including the "DOE" defendants, caused, and is legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

44. Plaintiffs is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint and that at all

times, each of the Defendants was acting within the course and scope of that relationship with the other Defendants.

45. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

46. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other supervisory officials of Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

47. Each of the Defendants, including the "DOE" defendants caused, and are legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizibng or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and exercising deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by the City

of New York or by agents and officers under the direction and control of the City of New York, and by failing to take remedial or disciplinary action against said agents or officers.

48. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

FACTS

49.  Plaintiff Waheedah Shaheed has a current medical history which includes end stage multiple myeloma which is a terminal illness. Plaintiff also has a heart condition in the form of severe mitral regurgitation. Plaintiff suffers from congenital scoliosis, osteoarthritis of the spine, hips and knees. At the time of the incidents that are the subject of this complaint, Plaintiff ambulated with the assistance of a rollator.

50. Plaintiff is a legal tenant on the lease at the location where the incidents alleged in this complaint happened. On 6 June 2012, at about 6:30 in the evening, Defendant Police Officer Stephan Kroski began banging on the door of the Plaintiff demanding entry into the Plaintiff's apartment with other Defendant Police Officers.

51. Upon information and belief, that being the Plaintiff, the Plaintiff's son – Mr. Noah Shaheed – – opened the door; and, while standing inside of the apartment, asked Defendant Police Officer Kroski if he had a warrant. Upon information and belief, that being the Plaintiff's son, Defendant Stephan Kroski stated that he did not need a warrant.

52. Upon information and belief, that being the Plaintiff, the Defendant Police Officers forced their way into the Plaintiff's apartment without permission or authority. Including the named Defendants, there were numerous other New York City Police Officers who entered Plaintiff's apartment.

53. Upon information and belief, that being the Plaintiff, Plaintiff's daughter asked the Defendant Police Officers to leave her apartment if they did not have a warrant. The Defendant Police Officers refused to leave the apartment. Defendant Police Officer Kroski told Plaintiff's daughter that "he did not need a warrant."

54. Upon information and belief, that being the Plaintiff, the following events occurred when the Defendants entered the Plaintiff's home without permission and authority: Defendant Police Officer Stephan Kroski came to Plaintiff's bedroom door and told the Plaintiff twice "Get up you're coming with me." The Plaintiff asked Defendant Stephan Kroski if he had a warrant. Defendant Stephan Kroski said "Well no." The Plaintiff told Defendant Stephan Kroski "Well then, I am not going anywhere with you." The Plaintiff heard a loud noise, and at that point Defendant Stephan Kroski turned and went down the hall.

55. The Plaintiff got out of bed; and, with the assistance of her rollator, when to the doorway of her bedroom and looked down the hall. The Plaintiff saw approximately five or six police officers inside of her apartment.

56. The Plaintiff asked Defendant Stephan Kroski if he had any warrant of any kind, from any court – or from anywhere – that would permit the Defendants to come into the Plaintiff's home without permission. Defendant Stephan Kroski said no. The Plaintiff told Defendant Kroski that he must "leave her home now."

57. At this point Defendant Stephan Kroski grabbed the Plaintiff by both of her arms and threw Plaintiff to the floor. Plaintiff struggled to get up, and Defendant Stephan Kroski punched the Plaintiff in the eye with a closed fist. Plaintiff fell to the floor as a result of being struck in the eye – with a closed fist – by Defendant Stephan Kroski. At this point, Defendant Stephan Kroski

got on top of the Plaintiff, attempted to pin Plaintiff's arms down with his legs, while placing

both of his hands around Plaintiff's neck and choking Plaintiff.  Plaintiff states that she

reasonably believed that  Defendant Stephan Kroski was trying to kill her. As Plaintiff struggled

to breath, Plaintiff managed to free her hand, and Plaintiff squeezed Defendant Stephan Kroski's

testicles in an attempt to stop Defendant Stephan Kroski from choking Plaintiff.

58. Another New York City Police Officer pulled Defendant Stephan Kroski off of the Plaintiff.

Defendant Stephan Kroski attempted to attack the Plaintiff again, and was restrained again by a

New York City Police Officer. Upon information and belief, that being the Plaintiff, at this point

Defendant Stephan Kroski smashed Plaintiff's rollator.

59. Defendant New York City Police Officer Aguilar handcuffed the Plaintiff. The Plaintiff

asked Defendant Police Officer Aguilar if she was under arrest, and Defendant Police Officer

Aguilar told the Plaintiff that she was not under arrest. Defendant Police officer Aguilar told the

Plaintiff that they were told to go and get Plaintiff and bring Plaintiff to the Precinct." Plaintiff

asked who "they" were,  and Defendant Police Officer Aguilar said that he did not know who

"they" were, but he repeated that the officers were told to come and get the Plaintiff.

60. Plaintiff requested to be taken to the hospital while Plaintiff was still inside of her home.

Plaintiff told a police officer that Plaintiff was cancer and heart patient. Plaintiff was having a

hard time breathing, and Plaintiff was bleeding from the mouth.

61. Plaintiff was taken from her residence in her bare feet without being allowed to put on any

shoes. Plaintiff noticed that several police officers lined the hallway outside of her apartment,

and there were at least ten (10) police cars parked in the vicinity of Plaintiff's apartment. Plaintiff

requested to be taken to a hospital while still inside of her residence. Plaintiff told a police officer

that she was a cancer and heart patient and that she was having a hard time breathing. Plaintiff

again requested medical attention while being taken from her residence. Plaintiff – who was

bleeding from the mouth – was handcuffed and placed in a police vehicle. Plaintiff requested

medical attention while in said police vehicle. Plaintiff was taken to the 25th Precinct. Upon

reaching the Precinct, Plaintiff told a Police Lieutenant that she needed an ambulance

immediately. Plaintiff specifically told the Police Lieutenant that she was a cancer patient and a

heart patient. Plaintiff told the Police Lieutenant that she was afflicted with End Stage Multiple

Myloma. Plaintiff informed said Police Lieutenant that End Stage Multiple Myeloma is a

terminal illness. Plaintiff told said Police Lieutenant that she did not know why she was here, and

that she did not know why her children were here. The Police Lieutenant said that he was going

to find out what was going on. Plaintiff was placed in a jail cell for hours without any medical

attention. Plaintiff informed numerous New York City Police Officers that she was having a hard

time breathing, and that she wanted to go to the hospital immediately. Plaintiff asked said Police

Officers why it was taking so long to get an ambulance to transport her to a hospital. Said New

York City Police Officers said that they did not know why it was taking so long for Plaintiff to

receive medical attention, and that "these things take time."

62. On the morning of 7 June 2012, Plaintiff was taken from a cell at the 25th Precinct. Plaintiff

was handcuffed and  Plaintiff's ankles were shackled. After midnight Plaintiff was put on a

stretcher and transported to the hospital. At the hospital, Plaintiff was handcuffed to a bed, and

the Plaintiff's ankles were shackled. A Police Officer was stationed inside of the room – at the

hospital – where the Plaintiff was being treated.

63. The Plaintiff was seized, and held in custody at a hospital, handcuffed at said hospital, with a

police officer stationed inside of Plaintiff's hospital room, and with Plaintiff's ankles shackled, from 6 June 2012 to 16 June 2012. The New York City Police Officers stationed in and about the Plaintiff's hospital room would not allow the Plaintiff to take a shower. The Plaintiff was never taken before a Judge between 6 June 2012 and 16 June 2012.

64. On 16 June 2012 the Plaintiff was given a Desk Appearance Ticket in violation of N.Y. CRIM. PROC. LAW § 150.20. The Desk Appearance Ticket had Police Officer Stephan Kroski's name on it. The serial Number of the Desk Appearance Ticket was 25-127, and the Arrest Number was M12650516-K. The Desk Appearance Ticket accused the Plaintiff of allegedly committing the Class D Violent Felony of Assault in the Second Degree (N.Y. PENAL LAW § 120.05-3). The Desk Appearance Ticket directed the Plaintiff to appear in Court on 26 July 2012. The Plaintiff was released from custody on 16 June 2012 and directed to appear in Court on 26 July 2012.

65. Plaintiff denies the allegations in all accusatory instruments filed in the Criminal Court of the City of New York in connection with Arrest Number M12650516 (Docket Number 2012NY044692). The Plaintiff states that the Defendant New York City Police Officers used unnecessary and disproportionate force to effect an unauthorized arrest. Plaintiff states that the Defendants used unlawful physical force against the Plaintiff as stated above. The afore-referenced case was dismissed on the merits, and sealed, on the merits on 18 September 2013.

66. On 29 June 2012, at approximately 6:30 in the evening, New York City Police Detective McNamara knocked on the Plaintiff's door, and asked the occupants to open the door. Plaintiff's son, Mr. Noah Shaheed, asked the Defendant Detective if the Detective had a warrant or some other authorization. Defendant Detective McNamara said that he had a warrant. Plaintiff's

mother, Ms. Waheedah Shaheed, asked Detective McNamara to produce the warrant. Plaintiff states that Defendant McNamara failed to produce any warrant, or other documentation, authorizing entry to the subject location.

67. Defendant McNamara asked the Plaintiff to open the door to talk. When the Plaintiff did not assent to Defendant McNamara demands the Plaintiff was told (in sum and substance) by Defendant McNamara that Plaintiff "open the door and we can do this the easy way, or we can do this the hard way, and it'll be worst than June 6th."

68. Defendants continued banging on the door demanding entry. About two hours after the Defendants initially arrived, the lights went out, the air conditioning went out, and all electrical power to the apartment was terminated.

69. On 30 June 2012, a specialized police unit (the emergency services unit or ESU), the Defendants forced their way into the apartment. The police officers were armed with assault rifles, and they were dressed and equipped like military soldiers. They pointed their rifles at every one inside the residence, and every one was told to get down on the floor.

70. Plaintiff states that her property was damaged, the family pet hamster was killed, and Plaintiff was searched and handcuffed inside of her apartment. While being physically removed from her apartment building, Plaintiff noticed that the building was surrounded by police officers.

71. Plaintiff was taken from her apartment in handcuffs, without any shoes on her feet – with neighbors and a large number of people on the street – placed in an ambulance, and taken to Harlem Hospital.

72. On 30 June 2012, at about 2:00 in the afternoon, Plaintiff was taken from Harlem Hospital to the 25th Precinct by New York City Police Officers. Plaintiff was placed in a jail cell. Plaintiff

was in pain and having trouble breathing; and, Plaintiff spent the entire time in a jail cell without Plaintiff's pain and heart medication.

73. On 1 July 2012 Plaintiff was taken to 100 Centre Street, in New York County, to be arraigned on an accusatory instrument. Plaintiff was in such pain that Plaintiff had to be transferred to the Bellevue Hospital emergency room. Plaintiff was handcuffed and shackled during her entire stay at Bellevue Hospital, except when an x-ray of the Plaintiff was taken. Plaintiff was treated and released from Bellevue Hospital to the custody of the New York City Police Department. Defendant Police Officer Stephan Kroski arrived at Bellevue Hospital to transport the Plaintiff to the 25th Precinct. When the Plaintiff looked Defendant Stephan Kroski in the face, Defendant Kroski made the following statement to the Plaintiff: "Don't look at me cause it might set me off, and I don't know what I'll do to you.

74. After arriving at Bellevue Hospital Police Officer Troyer took the medical assessment of the Plaintiff – that he received from Bellevue Hospital – and read it out loud to other New York City Police Officers in the Precinct. In a loud voice – with other police officers present   – Police Officer Troyer stated the following: that the Plaintiff was suffering from stage four cancer and congestive heart failure. Plaintiff spend the night in another New York City Police Precinct. Plaintiff was brought before a Judge and arraigned on 2 July 2012.

75. Plaintiff was charged with Obstruction of Governmental Administration in the Second Degree (N.Y. PENAL LAW § 195.05) – under Docket Number 2012NY050853 – for allegedly refusing to open Plaintiff's door to the Police.

76. Plaintiff states that under the knock and announce clause of the Fourth Amendment to the United States Constitution – and under clearly established New York State Law – that the

Plaintiff was under no obligation – and had no duty – to open the door of her residence for New York City Police Officers.

77. Plaintiff states that Docket Number 2012NY050853 was dismissed on the merits and sealed on 2 April 2014.

78. Plaintiff states that she was arrested for exercising her First Amendment rights on 29 June 2012/30 June 2012.

## FEDERAL CLAIMS

### COUNT ONE: FALSE ARREST

79. Plaintiff re-alleges paragraphs 1 through 78 as though set forth in full herein.

80. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officers on or about 6 June 2012.

81. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff on 6 June 2012.

82. The Plaintiff denies resisting a lawful arrest on or about 6 June 2012, and the Plaintiff denies engaging in any conduct to obstruct governmental administration that would be construed as resisting a lawful arrest on or about 6 June 2012, and the Plaintiff denies assaulting any Defendant.

83. Defendant Police Officers (or any other police officer or peace officer) did not have an arrest warrant for the Plaintiff on 6 June 2012.

84. Defendant Police Officers (or any other police officer or peace officer) did not have a search warrant to enter the Plaintiff's residence on 6 June 2012.

85. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

86. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

87. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 6 June 2012, and Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

88. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the Defendant shocks the conscience.

89. As a direct and proximate result of the wrongful conduct of Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 89 as though set forth in full herein.

90. The Plaintiff states that she was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officers on or about 6 June 2012.

91. Plaintiff states the Defendants did not have permission or authority to enter her residence, and that no member of her residence consented to the police entry into her apartment.

92. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff because on 6 June 2012.

93. The Plaintiff denies resisting a lawful arrest on or about 6 June 2012, and the Plaintiff states that Plaintiff never obstructed governmental administration when the Police entered Plaintiff's residence on 6 June 2012.  The Plaintiff denies engaging in any conduct that could be construed as resisting a lawful arrest on or about 6 June 2012. Plaintiff also denies assaulting any Defendant in this case.

94. Defendant Police Officers (or any other police officer or peace officer) did not have an arrest warrant for the Plaintiff on 6 June 2012.

95.  Defendant Police Officers (or any other police officer or peace officer) did not have an search warrant for the Plaintiff's residence on 6 June 2012.

96. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

97. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

98. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 6 June 2012, and Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

99. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the Defendant shocks the conscience.

100. As a direct and proximate result of the wrongful conduct of Defendant Police Officers as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Police Officers and Defendant Kroski as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

COUNT THREE: FALSE ARREST

101. Plaintiff re-alleges paragraphs 1 through 100 as though set forth in full herein.

102. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution when she was arrested by Defendant Police Officers on or about 29 June 2012 or 30 June 2012.

103. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff on 29 June 2012 or 30 June 2012.

104. The Plaintiff states that she committed no crime – and violated no law – on about 29 June 2012 or 30 June 2012. The Plaintiff states that she has a First Amendment right to speak in her own home.

105. Plaintiff states that pursuant to the knock and announce clause of the Fourth Amendment to the United States Constitution – and clearly established New York Law – the Plaintiff did not have to open her door for the Defendants.

106. As a direct and proximate result of the wrongful conduct of Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police

Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an

example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

COUNT FOUR: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 106 as though set forth in full herein.

107. The Plaintiff states that she was falsely imprisoned in violation of the First, Fourth, and

Fourteenth, Amendments to the United States Constitution when she was seized and arrested by

Defendant Police Officer Lydia Figueroa, and other Defendants, on or about 29 June 2012 and 30

June 2012.

108. The Plaintiff states that the Defendants did not have probable cause, or arguable probable

cause, to seize/arrest the Plaintiff on 29 June 2012 or 30 June 2012.

109. The Defendants (or any other police officer or peace officer) did not have an arrest warrant

for the Plaintiff on 29 June 2012 or 30 June 2012.

110. The Defendants (or any other police officer or peace officer) did not have a search warrant

to enter the Plaintiff's residence on 29 June 2012 or 30 June 2012.

111. Plaintiff states that she was intentionally confined without her consent, and that the arrest

and imprisonment of the Plaintiff was not privileged or justified.

112. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation

of the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

113. Plaintiff states that she was arrested for exercising her First Amendment rights.

114. Upon information and belief, that being the Plaintiff in this case, the Plaintiff had not, and was not, committing any crime or offense when she was seized/arrested on 30 June 2012, and Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

115. Plaintiff states that the Defendants intentionally seized the Plaintiff and that the conduct of the Defendants shocks the conscience.

116. As a direct and proximate result of the wrongful conduct of the Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIVE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS
INVESTIGATION

117. Plaintiff re-alleges paragraphs 1 through 116 as though set forth in full herein.

118. Plaintiff states that Defendant Police Officer denied the Plaintiff substantive due process,
and that the intentional conduct of the New York City Police Officer Stephen Kroski "shocks the
conscience".

119. The Plaintiff states the Defendant Police Officers conducted a reckless investigation in that
the Defendants arrested the Plaintiff – on or about 6 June 2012 – without probable cause, or
arguable probable cause, to believe that the Plaintiff had committed a crime.

120. Plaintiff states that she was at her apartment when Defendant Stephen Kroski, and other
Defendant Police Officers, entered the Plaintiff's apartment without permission or authority.

121. Plaintiff states that she was beaten, seized/arrested., and Plaintiff never gave the Defendant
Police Officers permission to enter here apartment.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million
dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million
dollars as will sufficiently punish Defendant Police Officers for Defendant's willful and
malicious conduct and that said award of punitive damages will serve as an example to prevent a
repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## COUNT SIX: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

122. Plaintiff re-alleges paragraphs 1 through 121 though set forth in full herein.

123. Plaintiff states that the Defendant New York City Police Officers denied the Plaintiff substantive due process, and that the intentional conduct of Defendant New York City Police Officers "shocks the conscience" in relation to the Plaintiff's arrest on or about 29 June 2012, or 30 June 2012.

124. The Plaintiff states that Defendant New York City Police Officers conducted a reckless investigation in that the Defendants seized/arrested the Plaintiff without probable cause, or arguable probable cause, to believe that the Plaintiff had committed a crime.

125. Plaintiff states that she was at her apartment when Defendants entered the Plaintiff's apartment without permission or authority.

126. Plaintiff states that she was beaten seized/arrested for not consenting to open her door when the Defendants demanded entry to Plaintiff's residence.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## COUNT SEVEN: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER STEPHEN KROSKI AND OTHER DEFENDANT POLICE OFFICERS

127. Plaintiff re-alleges paragraphs 1 through 126 as though set forth in full herein.

128. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly

train or supervise the Defendant New York City Police Officers.

129. On 6 June 2012 the Defendants came to the Plaintiff's residence and demanded entry

without an arrest warrant and without a search warrant.

130. The Plaintiff had not committed any crime or violated any law.

131. The Defendants forced their way into the Plaintiff's apartment without consent. Plaintiff

was seized/arrested and physically beaten by Defendant Police Officers.

132. Plaintiff states that proper training or supervision would have enabled Defendant New York

City Police Officers to understand that a police officer cannot enter an individual's home if they

do not have an arrest warrant, a search warrant, or some compelling reason.

133. Plaintiff states that proper training or supervision would have enabled Defendant New York

City Police Officers to understand that a police officer cannot use excessive physical force

against an individual when they enter an individual's home without an arrest warrant, a search

warrant, or some compelling reason, and that individual has not committed any criminal offense.

134. Plaintiff states that the conduct of the Defendants' – as outlined in this complaint –  will

frequently result in the deprivation of the constitutional rights of individuals.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT EIGHT: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER LYDIA FIGUEROA AND OTHER DEFENDANT POLICE OFFICERS

135. Plaintiff re-alleges paragraphs 1 through 134 as though set forth in full herein.

136. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officers.

137. On 29 June 2012 and 30 June 2012 the Defendants came to the Plaintiff's residence and demanded entry without an arrest warrant and without a search warrant.

138. The Plaintiff had not committed any crime or violated any law.

139. The Defendants forced their way into the Plaintiff's apartment without consent. Plaintiff was seized/arrested and physically beaten by Defendant Police Officers.

140. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officers to understand that a police officer cannot enter an individual's home if they do not have an arrest warrant, a search warrant, or some compelling reason.

141. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officers to understand that a police officer cannot use excessive physical force against an individual when they enter an individual's home without an arrest warrant, a search

warrant, or some compelling reason, and that individual has not committed any criminal offense.

142. Plaintiff states that the conduct of the Defendants' – as outlined in this complaint –  will

frequently result in the deprivation of the constitutional rights of individuals.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

COUNT NINE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

143. Plaintiff re-alleges paragraphs 1 through 142 as though set forth in full herein.

144. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth

Amendment and Fourteenth Amendment of the United States Constitution.

145. The Plaintiff states that she was deprived of her liberty on 6 June 2012 when she was

arrested and seized without probable cause, and that said arrest and seizure was unreasonable

because the Plaintiff had not committed any crime or violated any law.

146. The Plaintiff states that she was arraigned and forced to come to Court on every court date

regarding the afore-mentioned arrest prior to the case being dismissed on the merits and sealed.

147.  The Plaintiff states that the Plaintiff had committed any crime when she was arrested by

Defendant Police Officers on 6 June 2012.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

COUNT TEN: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

148.  Plaintiff re-alleges paragraphs 1 through 147 as though set forth in full herein.

149. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth

Amendment and Fourteenth Amendment of the United States Constitution.

150. The Plaintiff states that she was deprived of her liberty on or about 29 June 2012, and/or 30

June 2012 when she was arrested and seized without probable cause, and that said arrest and

seizure was unreasonable because the Plaintiff had not committed any crime or violated any law.

151. The Plaintiff states that she was arraigned and forced to come to Court on every court date

regarding the afore-mentioned arrest prior to the case being dismissed on the merits and sealed.

152.  The Plaintiff states that the Plaintiff had committed any crime when she was arrested by

Defendant Police Officers on or about 29 June 2012, and 30 June 2012.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

COUNT ELEVEN: EXCESSIVE FORCE

153.   Plaintiff re-alleges paragraphs 1 through 152 as though set forth in full herein.

154.   Plaintiff states that on or about 6 June 2012 the misconduct of Defendant Police Officers –

as alleged above – violated Plaintiff's right to be free from the unreasonable and excessive use of

force.

155. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including

bodily injury, pain and suffering, shock, extreme emotional distress, and humiliation.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWELVE: EXCESSIVE FORCE

156.    Plaintiff re-alleges paragraphs 1 through 155 as though set forth in full herein.

157.  Plaintiff states that on, about, or between 29 June 2014 and 30 June 2014, the misconduct of the Defendants, and several John Doe Defendants – as alleged above – violated Plaintiff's right to be free from the unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

158. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, and humiliation.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## NEW YORK STATE CLAIMS

159. The Plaintiff states that the City of New York is vicariously liable for the New York State intentional torts - as alleged in this complaint - committed by Defendants under the doctrine of *respondeat superior.*

160. Plaintiff states that there is a master-servant relationship between the Defendants and the City of New York.

161. The Plaintiff states that the Defendants were operating within the scope of their employment - in their official capacity - when they committed the acts as alleged in this Complaint, and that the Defendants were acting in furtherance of the City of New York's business or purpose.

## COUNT THIRTEEN: FALSE ARREST AND IMPRISONMENT

162. Plaintiff re-alleges paragraphs 1 through 161 as though set forth in full herein.

163. Plaintiff states that she was falsely arrested, falsely imprisoned, and intentionally confined without her consent when Defendant New York City Police Officers – acting with other Defendants, intentionally seized and arrested the Plaintiff – on 6 June 2012 – without probable cause.

164. Plaintiff states that the arrest - and confinement - of the Plaintiff was not otherwise privileged or justified; and Plaintiff was conscious of the confinement.

165. Plaintiff states that the false arrest/false imprisonment - and intentional confinement without consent - was done with malice.

166. Plaintiff states that the false arrest/false imprisonment was not otherwise privileged.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FOURTEEN: FALSE ARREST AND FALSE IMPRISONMENT

167.  Plaintiff re-alleges paragraphs 1 through 166 as though set forth in full herein.

168. Plaintiff states that she was falsely arrested, falsely imprisoned, and intentionally confined without her consent when Defendant New York City Police Officers intentionally seized and arrested the Plaintiff – on 29 June 2012 or 30 June 2012 – without probable cause.

169. Plaintiff states that the arrest - and confinement - of the Plaintiff was not otherwise privileged or justified; and Plaintiff was conscious of the confinement.

170. Plaintiff states that the false arrest/false imprisonment - and intentional confinement without consent - was done with malice.

171. Plaintiff states that the false arrest/false imprisonment was not otherwise privileged.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

Page 35 of 42

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIFTEEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

172. Plaintiff re-alleges paragraphs 1 through 171 as though set forth in full here.

173. The Plaintiff states that, on 6 June 2012, the Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

174. That said conduct of the Defendants was performed with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

175. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT SIXTEEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

176.  Plaintiff re-alleges paragraphs 1 through 175 as though set forth in full here.

177. The Plaintiff states that on, about, or between 29 June 2012 and 30 June 2012, the Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

178. That said conduct of the Defendants was performed with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

179. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT SEVENTEEN: MALICIOUS PROSECUTION

180. Plaintiff re-alleges paragraphs 1 through 179 as though set forth in full herein.

181. The Plaintiff states that the criminal judicial proceedings that is the subject of this complaint was terminated in favor of the Plaintiff because all charges were dismissed on the merits.

182. The Plaintiff states that the Defendant Police Officers did not have probable cause to arrest the Plaintiff on 6 June 2012.

183.  Plaintiff states that the Defendants arrested the Plaintiff for the wrong, or an improper motive and that the judicial proceeding was not commenced so that justice could be served.

184. Plaintiff states that the Defendants arrested the Plaintiff because – according to one of the Defendant's own statements – the Defendants wanted to teach the Plaintiff a lesson.

185. Plaintiff states that the Defendants acted with malice when they seized/arrested the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT EIGHTEEN: MALICIOUS PROSECUTION

Plaintiff re-alleges paragraphs 1 through 185 as though set forth in full herein.

186. The Plaintiff states that the criminal judicial proceedings that is the subject of this complaint

was terminated in favor of the Plaintiff because all charges were dismissed on the merits.

187. The Plaintiff states that the Defendant Police Officers, and the other Defendants, did not have probable cause to arrest the Plaintiff on or about 29 June 2012 or 30 June 2012.

188.  Plaintiff states that the Defendants arrested the Plaintiff for the wrong, or an improper motive and that the judicial proceeding was not commenced so that justice could be served.

189. Plaintiff states that the Defendants arrested the Plaintiff because – according to one of the Defendant's own statements – the Defendants wanted to teach the Plaintiff a lesson.

190. Plaintiff states that the Defendants acted with malice when they seized/arrested the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT NINETEEN: ASSAULT

191. Plaintiff re-alleges paragraphs 1 through 190 as though set forth in full herein.

192. Plaintiff states that on 6 June 2012, Defendant Police Officers intentionally placed the Plaintiff in fear of imminent harmful or offensive conduct.

193. Plaintiff states that the Defendants made an unjustified threat of force against the Plaintiff that created a reasonable apprehension of immediate physical harm, and that the Defendants acted on the afore-mentioned threat and caused the Plaintiff physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWENTY: ASSAULT

194.  Plaintiff re-alleges paragraphs 1 through 193 as though set forth in full herein.

195. Plaintiff states that on, about, or between 29 June 2012 and 30 June 2012, the Defendants intentionally placed the Plaintiff in fear of imminent harmful or offensive conduct.

196. Plaintiff states that the Defendants made an unjustified threat of force against the Plaintiff that created a reasonable apprehension of immediate physical harm, and that the Defendants acted on the afore-mentioned threat and caused the Plaintiff physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## COUNT TWENTY ONE: BATTERY

197.   Plaintiff re-alleges paragraphs 1 through 196 as though set forth in full herein.

198. Plaintiff states that on 6 June 2012 Defendant Police Officers intentionally make bodily

contact with the Plaintiff and caused the Plaintiff to suffer physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## COUNT TWENTY TWO: BATTERY

199.   Plaintiff re-alleges paragraphs 1 through 198 as though set forth in full herein.

200. Plaintiff states that on, about, or between 29 June 2012 and 30 June 2012, the Defendant

Police Officers  intentionally make bodily contact with the Plaintiff and caused the Plaintiff to

suffer physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

Lawrence P. LaBrew, Esq. (LL4455)
Law Office of Lawrence LaBrew
Attorney for Plaintiff Waheedah Shaheed
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500